IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL N. LITTLES** | CIVIL NO. 1:15-CV-1534 |
| Petitioner | (Judge Rambo) |
| v. | |
| **WARDEN PERDUE,** | |
| Respondent | |

# **M E M O R A N D U M**

## I.      Introduction

Before the court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  He has also filed a document that is a supplement to the petition which is deemed to be a brief in support of his petition.  Petitioner Littles alleges that he is in custody in violation of the Constitution of the United States as a result of the recent opinion of the United States Supreme Court in *Johnson v. United States*, _____U.S. _____, 135 S. Ct. 2551 (2015).  The court will not direct that the petition be served as it appears that Littles is not entitled to relief.  *See* Title 28 U.S.C. § 2243.

## II.      Background

Littles was sentenced on January 15, 1999 to a term of 30 years imprisonment for distribution and conspiracy to distribute heroin.  His sentence was calculated on the bases of an offense level of 37 and a criminal history of VI.  His adjusted offense level was 36.  However, he received an enhancement of one point pursuant to U.S.S.G. § 4B1.1(A) as a career offender.

On June 26, 2015, the United States Supreme Court decided the case of *Johnson v. United States*, _____ U.S. _____, 135 S. Ct. 2251 (2015). In that case, Johnson pled guilty of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g). His sentence was enhanced because he had three prior convictions for a violent felon, defined by 18 § 924(e)(2)(B)'s residual clause to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." The Court held that clause violated the due process clause of the Constitution. The Court, however, clearly limited its holding as follows: "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

Defendant Littles was not convicted of a violation of 18 U.S.C. § 922(g) and was not subject to § 924(e)(2)(B)'s residual clause. Littles was convicted pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Littles' enhancement was imposed pursuant to U.S.S.G. § 4B1.1(A) – the Career Offender enhancement. Littles claims that because U.S.S.G. 4B1.2(a)(2) has the clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ." the *Johnson* case applies to him.

### III.        Discussion

Littles' criminal convictions consist of a robbery conviction on September 9, 1976, a robbery conviction on August 18, 1982, and a heroin conviction on July 27, 1992. Thus, his record fits in to the definition of a career offender. Littles argues that the robberies are not crimes of violence under 4B1.2 because they do not have force as an element and do not otherwise involve conduct

that presents a serious potential risk of physical injury to another. (Doc. 162 at p. 4, ¶ 22.) Under U.S.S.G. § 4B1.2, Definitions Used in Section 4B1.1, appears the following:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or exortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The wording "involves conduct that presents a serious risk of physical injury to another" appears only in subsection (2). Furthermore, in the Commentary, Application Notes 1, robbery is listed as a crime of violence.

The *Johnson* case is strictly limited to the unconstitutionality of the residual clause, "involves conduct that presents a serious potential risk of physical injury to another" which is not an issue in Littles' criminal case.

**IV.      Conclusion**

For the foregoing reasons, the petition for writ of habeas corpus will be denied. An appropriate order will be issued.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: August 10, 2015.

3